Filed 9/14/20  P. v. Arellano CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDGAR ARELLANO,<br><br>Defendant and Appellant. | B300847<br><br>(Los Angeles County<br>Super. Ct. No. KA112598) |

APPEAL from an order of the Superior Court of Los Angeles County, Salvatore Sirna, Judge.  Reversed and remanded with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, and Scott A. Taryle, Deputy Attorney General, for Plaintiff and Respondent.

Edgar Arellano, sentenced pursuant to a negotiated plea agreement to state prison for 22 years for first degree burglary with prior conviction enhancements, moved for resentencing pursuant to Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1 & 2) (Senate Bill 1393), which, effective January 1, 2019, allows the trial court to exercise its discretion to strike or dismiss Penal Code section 667, subdivision (a), prior serious felony enhancements. The trial court denied the motion, ruling Senate Bill 1393 was not retroactive and, in any event, did not apply when the defendant had agreed in a negotiated plea to a specific prison term that included those enhancements.

While Arellano's appeal of the denial of his postjudgment motion was pending in this court, the Supreme Court decided *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), holding Senate Bill 1393 applies to any case not yet final on appeal on its effective date; a defendant sentenced pursuant to a negotiated plea agreement need not obtain a certificate of probable cause to claim on appeal the new law applies to him or her; Senate Bill 1393 applies to negotiated sentences, at least to a limited extent; but, if the trial court is inclined to exercise its discretion not to impose a prior serious felony enhancement that was part of a negotiated sentence, the prosecutor is entitled to withdraw assent to the plea agreement.

Based on *Stamps*, we reverse the postjudgment order denying Arellano's motion for resentencing and remand the matter to provide Arellano the opportunity to ask the trial court to exercise its discretion not to impose the prior serious felony enhancements and, if such a request is made, for the parties and the trial court to follow the process approved in *Stamps*.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2016 Arellano was arrested after he entered the dormitory room of a female college student while she was sleeping. While in the room, Arellano removed some of the student's undergarments from a laundry hamper. Arellano was not a student at the college and did not have permission to be in the dormitory.

In January 2017, pursuant to a negotiated agreement, Arellano pleaded no contest to first degree burglary with a person present and admitted a 1999 first degree burglary conviction as a prior strike and 1999 and 2002 first degree burglary convictions as prior serious felony convictions under section 667, subdivision (a)(1). He was sentenced to an aggregate state prison term of 22 years, consisting of the six-year upper term for residential burglary, doubled, plus two five-year terms for the prior serious felony enhancements.

This court affirmed Arellano's conviction in a nonpublished opinion on November 29, 2017. (*People v. Arellano* (Nov. 29, 2017, B281513).) Arellano's petition for review in the California Supreme Court (S246344) was denied February 14, 2018. His petition for writ of certiorari with the United States Supreme Court was denied April 22, 2019, at which time the judgment became final. (See *People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5 ["[a] judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired"].)

On June 5, 2019 Arellano petitioned for resentencing under Senate Bill 1393. The trial court denied the petition on June 27, 2019, ruling, "Defendant's sentence in this matter was an agreed upon disposition between defendant and the People. Defendant

expressly agreed to the sentence and admitted two strikes prior [*sic*] under Penal Code section 667(a)(1). Defendant failed to provide the court with competent authority that SB 1393 is to be applied retroactively, and the plain language of the amended Penal Code sections do not contemplate retroactive applicability."

Arellano filed a timely notice of appeal. He did not seek or obtain a certificate of probable cause.

## DISCUSSION

On September 30, 2018 the Governor signed Senate Bill 1393, which amended Penal Code sections 667, subdivision (a), and 1385, subdivision (b), effective January 1, 2019, to allow the trial court to exercise its discretion to strike or dismiss a prior serious felony conviction for purposes of sentencing a defendant convicted of a serious felony. As the Attorney General acknowledges, contrary to the trial court's ruling, the new law applies to all judgments not final as of January 1, 2019. (*Stamps, supra*, 9 Cal.5th at p. 699 ["We agree with defendant that, under [*In re*] *Estrada* [(1965) 63 Cal.2d 740], Senate Bill 1393 applies to his case retroactively because his judgment is not yet final. Eliminating the prior restriction on the court's ability to strike a serious felony enhancement in furtherance of justice constitutes an ameliorative change within the meaning of *Estrada*"]; see *People v. Zamora* (2019) 35 Cal.App.5th 200, 208; *People v. Garcia* (2018) 28 Cal.App.5th 961, 973.)

Arellano and the Attorney General agree, in supplemental letter briefs filed following the Supreme Court's decision in *Stamps, supra*, 9 Cal.5th 685 that *Stamps* has resolved the remaining issues presented by this appeal.

4

First, the Supreme Court held a certificate of probable cause is not required for a defendant, who entered a plea pursuant to a negotiated agreement for a specific prison term, to assert on appeal entitlement to the benefits of an ameliorative change in the law:  "Stamps does not seek to put aside or withdraw his plea.  He does not urge that his plea was invalid when made.  Instead, he seeks relief because the law subsequently changed to his potential benefit.  His appeal, then, does not attack the plea itself and does not require a certificate of probable cause."  (*Stamps*, *supra*, 9 Cal.5th at p. 698.)

Second, again contrary to the trial court's ruling, that Arellano agreed as part of a negotiated plea to a specific prison term including two prior serious felony conviction enhancements does not necessarily preclude Arellano from benefitting from Senate Bill 1393:  "As we reasoned *ante*, we agree with defendant that Senate Bill 1393 should be applied retroactively to him, and the circumstance that his conviction resulted from a plea agreement did not change that conclusion."  (*Stamps*, *supra*, 9 Cal.5th at p. 705.)

Third, the trial court is not authorized to unilaterally modify the plea agreement by striking the serious felony enhancement but otherwise keeping the remainder of the bargain—the position advocated by Arellano in his appeal. (*Stamps*, *supra*, 9 Cal.5th at p. 707.)  As the Supreme Court explained, if the defendant asks the trial court to exercise its discretion to strike the enhancement(s) and the court declines to do so, "that ends the matter and defendant's sentence stands." (*Ibid*.)  However, "[i]f the court indicates an inclination to exercise its discretion under section 1385, the prosecution may, of course, agree to modify the bargain to reflect the downward

5

departure in the sentence such exercise would entail.  Barring such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement.'" (*Ibid*.)  Finally, even if the prosecutor and the defendant agree the negotiated prison term should be reduced by eliminating the prior serious felony enhancement, the trial court retains its authority to withdraw approval of the plea agreement. (*Id* at p. 708.)

In accordance with the Supreme Court's holdings in *Stamps*, we reverse the trial court's order denying Arellano's postjudgment motion for resentencing.  The matter is remanded to give Arellano the opportunity to ask the trial court to exercise its discretion, subject to the approval of the People, to reduce his negotiated sentence by striking one or both of the prior serious felony enhancements that are now part of his sentence.

## DISPOSITION

The order denying Arellano's postjudgment motion is reversed.  The matter is remanded with directions to the superior court to consider Arellano's request, if he elects to make one, to reduce his sentence by dismissing one or both the prior serious felony enhancements previously imposed and, if a request is made, to follow the process described by the Supreme Court in *Stamps*, *supra,* 9 Cal.5th 685.

PERLUSS, P. J.

We concur:

SEGAL, J.                    FEUER, J.